## 18261.  JACKSON v. THOMAS.

BELL, J.  1.  Even if it be the law that where persons charged with crime
fled and violated their bonds an attorney at law who had been employed
to defend them could not, consistently with public policy, enter into an
agreement with their bail to procure and furnish information leading
to their apprehension and arrest, still under the evidence in the present
case, which was a suit by the attorney against the bail to recover the
agreed price of his services in procuring and furnishing the informa-
tion stated, it can not be held, as a matter of law, that the judgment in
favor of the plaintiff was for that reason illegal.   While it appears that
the plaintiff, as attorney, had at some previous time and in an en-
tirely different matter represented one or both of the persons on whose
bonds the defendant became security, or bail, the evidence authorized
the inference that such relation of attorney and client was terminated
before the making of the agreement relied on by the plaintiff in this
suit, and also that it had never existed as to the particular case in which
the bonds were given.
2. The evidence warranted the finding that the plaintiff complied with his
agreement by procuring and furnishing the information which the de-
fendant desired and for which he promised to pay the sum sued for.
3. The superior court did not err in dismissing the certiorari.

> Judgment affirmed.   Jenkins, P. J., and Stephens, J., concur.

> DECIDED JANUARY 16, 1928.

Certiorari; from Fulton superior court—Judge Humphries.
May 23, 1927.

D. H. McWilliam, R. R. Jackson, for plaintiff in error.
John W. Thomas, Horace Russell, contra.

---

Contracts, 13 C. J. p. 416, n. 48.